# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MORGAN HOUSTON, )
)
    Movant, )
)
v. ) Case No. CV416-231
) CV412-194
) CR409-058
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Once before in *Houston v. United States*, CV412-194, Morgan Houston unsuccessfully sought 28 U.S.C. § 2255 relief from his conviction and 180-month sentence for possession with intent to distribute crack cocaine and possession of a firearm by a convicted felon. Doc. 75 (recommending that the district judge deny relief), *adopted,* doc. 80.[1] This case arises from his second § 2255 motion, doc. 92, about which he moves to extend time for filing a supporting brief. Doc. 93.

Houston argues that his career offender sentencing enhancement is void because, under *Johnson v. United States*, __U.S.__ ,135 S. Ct. 2551

---

[1] All citations are to the criminal docket in CR409-058 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

(2015), two of his prior drug convictions no longer qualify as "serious drug offenses" under the Armed Career Criminal Act unconstitutional. Doc. 92 at 3.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Houston must not only ask the appeals court first, but that court must *grant* permission before he can come back here. Accordingly, Morgan Houston's 28 U.S.C. § 2255 motion should be **DISMISSED** as

successive. *Smalls*, 2012 WL 1119766 at * 1 (a court "must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing"). Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). The Court **DENIES** as moot his motion to extend time within which to file a brief. Doc. 93. The Court also **DENIES** as frivolous the same extension-of-time motion that he just filed in his long-closed prior § 2255 (civil side of the docket) case, CV412-194, doc. 24.[2]

**SO REPORTED AND RECOMMENDED** this  30th  day of August, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]  The Clerk is **DIRECTED** to file a copy of this R&R in that case but docket it as: Order denying motion for extension of time.

3